WINSTON STOODY AND SANDRA STOODY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1127–73.   Filed January 10, 1977.

*Thomas H. Carver,* for the petitioners.
*Darrell B. McDaniel,* for the respondent.

### SUPPLEMENTAL OPINION

IRWIN, *Judge:* Our original opinion in this case (66 T.C. 710) was filed on July 14, 1976. A decision was entered in favor of respondent on July 21, 1976. Petitioners then timely filed a "Motion for Reconsideration of Findings and Opinion (Rule 161)" and a "Motion to Vacate or Revise Decision (Rule 162) Request for Review en banc." We denied the request for review by the entire Court by order dated September 8, 1976. We will now deal with both motions to the extent they request consideration by the trial judge.

Petitioners have raised numerous issues in their motions for reconsideration of opinion and vacation of decision. Most of these issues were previously raised on brief after trial. In addition, in part IV of their "Motion to Vacate or Revise Decision (Rule 162)," petitioners claim interest deductions for 1968 and 1969 in excess of those previously allowed by

respondent. These claims for interest deductions were raised in the petition, but were ignored at trial and on brief, and were not considered by this Court when we filed our original opinion.[1]

Respondent objects to petitioners' "Motion for Reconsideration of Findings and Opinion (Rule 161)" claiming that petitioners have not set forth any valid grounds calling for reconsideration. Respondent objects in part to petitioners' "Motion to Vacate or Revise Decision (Rule 162)" claiming that the motion raises no substantive legal issues not covered in petitioners' briefs after trial. Respondent concedes, however, that petitioners are entitled to a greater interest deduction in 1968 than that previously allowed, but he denies petitioners' claim for a greater interest deduction in 1969.

Almost all of the issues raised in petitioners' motions have been raised previously by the parties and have received thorough consideration by this Court. We will not reconsider those issues. In addition, several new issues have been raised for the first time which we will also not consider. *Robin Haft Trust*, 62 T.C. 145 (1974), affd. on this issue 510 F.2d 43 (1st Cir. 1975). We will, however, grant petitioners' "Motion to Vacate or Revise Decision (Rule 162)" to enable us to consider the interest deduction issues raised therein. Further, we feel it is necessary to revise our findings of fact and opinion filed on July 14, 1976, to address these issues, and for that purpose only we will grant the "Motion for Reconsideration of Findings and Opinion (Rule 161)." In all other respects this latter motion will be denied.

Petitioners argue that a portion of the payments made to American Guaranty Corp. in 1968 and 1969 represented interest on indebtedness within the meaning of section 163(a) of the Internal Revenue Code of 1954. They assert that pursuant to the terms of the settlement agreement executed on June 28, 1968, petitioner Winston Stoody agreed to pay American Guaranty Corp. a total of $9,000 interest, $4,000 of which was paid in 1968, and the $5,000 balance paid in four equal installments in the years following. Accordingly, they conclude that $4,000 of the $10,915 payment to American

---

[1] Respondent has not argued that petitioners abandoned these claims. Cf. *John B. Ferenc*, T.C. Memo. 1974-30, at n. 1.

Guaranty Corp. in 1968 and $1,250 of the $8,775 payment in 1969 represented interest deductible under section 163(a).

Respondent concedes that petitioners are entitled to a $4,000 deduction for interest paid in 1968. However, respondent contends he has already allowed petitioners a $485 deduction for such interest and that, therefore, petitioners are only entitled to an additional $3,515 interest deduction in that year. As for the year 1969, respondent contends that the record does not support the conclusion that petitioners are entitled to an interest deduction greater than the $2,250 already allowed.

Petitioners' arguments in favor of interest deductions in 1968 and 1969 rest solely on the terms of the settlement agreement entered into between petitioner Winston Stoody and American Guaranty Corp. on June 28, 1968. Pertinent provisions of that agreement are as follows:

1. Winston Stoody agrees to pay to American Guaranty Corporation the total sum of $44,400 (which sum includes interest on part of said amount) and said payment is for the following purposes and in the following amounts:

a. The sum of $9,000.00 which represents a discharge of the claim of American Guaranty Corporation for $63,969 said to be due as interest on accrued but unpaid installments due under said leases and said guaranty. The sum of $4,000.00 will be paid upon execution of this agreement and the balance will be represented by a non-interest bearing note in the sum of $5,000.00 due and payable on May 15, 1973 (unless the date of payment is accelerated pursuant to the provisions of this agreement). The terms of said note shall be as set forth in Exhibit 1 hereto.

b. The sum of $35,400.00 which sum includes interest at 10% per annum and represents settlement on account of unpaid and accrued lease payments guaranteed by Winston Stoody plus interest on said settlement amount. Said sum to be represented by a promissory note payable $600.00 per month for 59 months. The terms of said note shall be as set forth in Exhibit 2 hereto.

Under the agreement petitioner Winston Stoody could make advance payments of either principal or interest if such payments would not cause the transaction to be usurious.

In their tax return for 1968 petitioners listed the following payments as a deductible business loss:

| | |
|---|---|
| Payment on obligation ........... | $10,915 |
| Interest paid ............................. | 485 |
| Legal fees ................................... | 4,315 |
| Business loss ............................. | (15,715) |

Preceding this list was a description of the "obligation" referred to and a statement that the payments were made pursuant to the settlement agreement entered into between Winston Stoody and American Guaranty Corp. In the notice of deficiency respondent disallowed only the $10,915 "Payment on obligation."

Respondent's concession that petitioners are entitled to a $4,000 interest deduction in 1968 came in response to petitioners' claims for interest under the terms of the settlement agreement. We believe that respondent has thus conceded that the lump-sum payment of $4,000 referred to in that agreement was paid and is deductible. The dispute, therefore, is concerned only with whether the $485 deducted by petitioners on their 1968 tax return was part of the $4,000 lump-sum payment conceded by respondent to be deductible. We think it was not.

Petitioners believed all of the payments made under the settlement agreement were fully deductible as a business loss. There was no reason, therefore, to identify any portion of the "Payment on obligation" as a payment of interest. It stretches our imagination too far to believe that they would separately identify only $485 of the $4,000 lump-sum interest payment as interest and include the remaining $3,515 of interest as part of the "Payment on obligation." We think it is more likely that the $485 payment for interest was paid in addition to the $4,000 lump-sum payment referred to in the settlement agreement.

Because the $485 payment of interest was not disallowed in the notice of deficiency, no evidence was presented showing why this payment was made. However, even though we do not know the precise reason for the $485 payment, we do believe, after considering all the evidence, that it was not part of the $4,000 lump-sum payment conceded by respondent to be

deductible. Consequently, petitioners are entitled to a $4,000 interest deduction in addition to that already allowed.

Petitioners also argue that $1,250 of the $8,775 payment made in 1969 is deductible as interest on indebtedness. This argument, too, is based on the terms of the settlement agreement. That agreement, however, only requires that a note for the $5,000 balance of interest be paid by May 15, 1973. The agreement does not, as petitioners contend, call for pro rata payments of $1,250 each year for 4 years. Based on the settlement agreement alone we are unable to conclude that any portion of the $8,775 payment in 1969 is allocable to the $5,000 indebtedness for interest described in that agreement. Further, petitioners have already claimed a deduction on their tax return for 1969 for $2,250 of interest paid to American Guaranty Corp. Respondent did not disallow this deduction in the notice of deficiency, and even though the settlement agreement allows accelerated interest payments, we are not convinced that petitioners made any interest payments to American Guaranty Corp. in 1969 in excess of this $2,250 figure. Accordingly, we reject petitioners' claim for a greater interest deduction in 1969 than that already allowed by respondent.

Since $4,000 of the $10,915 payment to American Guaranty Corp. in 1968 represented interest on indebtedness, our opinion filed on July 14, 1976, is only concerned with payments under the settlement agreement of $6,915 in 1968 and $8,775 in 1969. Except as so modified, our original opinion is confirmed.

> *An appropriate order will be issued and a decision will be entered under Rule 155.*