ESTATE OF HELEN M. TRENCHARD, DECEASED, JOAN TRENCHARD FRENCH, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; * ESTATE OF WENDELL B. TRENCHARD, DECEASED, JOAN TRENCHARD FRENCH, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Estate of Trenchard v. Commissioner
Docket Nos. 20669-93, 20849-93
United States Tax Court
T.C. Memo 1995-232; 1995 Tax Ct. Memo LEXIS 234; 69 T.C.M. (CCH) 2732; May 30, 1995, Filed *234 An appropriate order will be issued denying the motion to reconsider. For petitioner: David J. Duez. For respondent: Darrell C. Weaver. LARO
LARO
SUPPLEMENTAL MEMORANDUM OPINION LARO, Judge: Joan Trenchard French (executrix), on behalf of decedents, moves the Court to reconsider its memorandum opinion at T.C. Memo. 1995-121. See Rule 161. The facts and holding of that opinion are incorporated herein by this reference. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
In Estate of Trenchard v. Commissioner, T.C. Memo. 1995-121, the decedents, their daughter (the executrix), and her three children each transferred property to a newly formed, closely held corporation (Corporation) in exchange for debt and stock. The decedents received most of Corporation's preferred stock; the executrix received Corporation's remaining preferred stock and 40 percent of its common stock; the three children each received 20 percent of Corporation's common stock. The parties asked the Court *235 to decide, inter alia, whether the decedents' transfers resulted in gifts to Corporation's common shareholders; i.e., the executrix and her three children. In deciding that question in the affirmative, the Court: (1) Valued the property that each decedent transferred to Corporation, and the stock and debt that they each received in return; (2) determined that the value of the property exceeded the value of the stock and debt; and (3) held that the excess values were gifts from the decedents to the common shareholders because each decedent transferred more value to Corporation than they each received in return. In so holding, the Court rejected the executrix' argument that the excess values were not gifts because, as claimed by the executrix, all of the transferees received less value from Corporation than they transferred to it. On April 24, 1995, the executrix filed a motion to reconsider and a memorandum in support of her motion. The motion stated that the Court should reconsider its opinion and schedule the issues described in an attached memorandum for briefing and argument. The issues listed in the memorandum related to the value of the interests in Corporation and the gifts *236 resulting from Corporation's formation. Discussion
Reconsideration under Rule 161 serves the limited purpose of correcting manifest errors of fact or law, or allows for the introduction of newly discovered evidence that could not have been introduced before the filing of an opinion, even if the moving party had exercised due diligence. See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987); see also Traum v. Commissioner, 237 F.2d 277, 281 (7th Cir. 1956), affg. T.C. Memo. 1955-127. The granting of a motion for reconsideration rests within the discretion of the Court, and we usually will not exercise our discretion to grant such a motion absent a showing of unusual circumstances or substantial error. Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975). *237 Generally, the Court will not grant a motion for reconsideration to resolve issues that could have been raised, or to hear arguments that could have been made, before the filing of an opinion. Reconsideration is not the appropriate forum for rehashing previously rejected arguments or tendering new legal theories to reach the end desired by the moving party. The Court tries all issues raised in a case in one proceeding to promote orderly litigation and to further judicial economy by discouraging piecemeal and protracted litigation. Vaughn v. Commissioner, supra at 166-167; CWT Farms, Inc. v. Commissioner, supra at 1057; Stoody v. Commissioner, 67 T.C. 643 (1977); Haft Trust v. Commissioner, supra at 147. The executrix' motion and memorandum do not list (or otherwise show) any unusual circumstance or substantial error with respect to our opinion. Therefore, the executrix is not within the general rules for reconsideration of an opinion. The executrix has also not persuaded us that her case requires us to depart from these general rules. In her *238 trial brief, the executrix made two arguments on the gift tax issue. She primarily argued that the formation of Corporation was not subject to the Federal gift tax provisions because the formation was a genuine business transaction under section 25.2512-8, Gift Tax Regs. She also argued that section 351 insulates the decedents from a gift tax on Corporation's formation. For the reasons stated in our opinion at T.C. Memo. 1995-121, we disagreed with both of these arguments. The executrix now wishes to fine tune and broaden her second argument that section 351 applies to the case at hand. New counsel for the executrix entered the case after we filed our opinion, and he now asks the Court to let him argue his position on the executrix' behalf. We refuse to do so. The executrix has not presented any persuasive reason why she should be allowed to strengthen her argument (and essentially make new arguments) at this late time of the proceeding. To the extent that the executrix wanted to strengthen her argument or otherwise to expand on it, she should have done so in her briefs. She has failed to identify a persuasive reason to grant the motion for reconsideration. *239 To reflect the foregoing, An appropriate order will be issued denying the motion to reconsider.
Footnotes
*. Estate of Trenchard v. Commissioner, T.C. Memo. 1995-121.↩