T.C. Memo. 1996-414


UNITED STATES TAX COURT


ESTATE OF ARTHUR G. SCANLAN, DECEASED, RUTH B. SCANLAN,
ADMINISTRATRIX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 4561-95.          Filed September 16, 1996.


     P moves for reconsideration, arguing that the
Court erred because we:  (1) Concluded that the subject
shares were marketable, (2) failed to account properly
for minority and marketability discounts, and (3) did
not apply the standards set forth in Mandelbaum v.
Commissioner, T.C. Memo. 1995-255, affd. without
published opinion 91 F.3d 124 (3d Cir. 1996), to
determine the marketability discount. Held:  P's
motion for reconsideration will be denied.


Robert R. Casey, for petitioner.

Linda K. West, for respondent.

_____

     * Estate of Scanlan v. Commissioner, T.C. Memo. 1996-331.

SUPPLEMENTAL MEMORANDUM OPINION

LARO, <u>Judge</u>:  Estate of Arthur G. Scanlan, Deceased, Ruth B. Scanlan, Administratrix, moves the Court to reconsider our memorandum opinion, T.C. Memo. 1996-331.  See Rule 161.[1] In our memorandum opinion, the facts and holding of which are incorporated herein by this reference, we found and held that the per share value of the decedent's stock was $50.50885 on the date of his death and the date of a prior gift.  Petitioner had argued that the per share values were $35.20 at death and $34.84 on the date of the gift.  Respondent had determined that the per share values were $72.15 on both dates.

Petitioner alleges in its motion (and accompanying memorandum of law) that the Court erred because we: (1) Concluded that the subject shares were marketable, (2) failed to account properly for minority and marketability discounts, and (3) did not apply the standards set forth in <u>Mandelbaum v. Commissioner</u>, T.C. Memo. 1995-255, affd. without published opinion 91 F.3d 124 (3d Cir. 1996), to determine the

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.

marketability discount.[2]  Respondent has filed an objection to petitioner's motion.

Reconsideration under Rule 161 serves the limited purpose of correcting substantial errors of fact or law, and allows for the introduction of newly discovered evidence that the moving party, in the exercise of due diligence, could not have introduced before the filing of an opinion.  See Estate of Trenchard v. Commissioner, T.C. Memo. 1995-232; see also Westbrook v. Commissioner, 68 F.3d 868, 879 (5th Cir. 1995), affg. per curiam T.C. Memo. 1993-634.  The granting of a motion for reconsideration rests within the discretion of the Court, and we usually do not exercise our discretion absent a showing of unusual circumstances or substantial error.  CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985); see also Westbrook v. Commissioner, supra at 879; Estate of Trenchard v. Commissioner, supra.

Generally, the Court will not grant a motion for reconsideration to resolve issues that could have been raised, or to hear arguments that could have been made, before the filing of

---

[2] In Mandelbaum v. Commissioner, T.C. Memo. 1995-255, affd. without published opinion 91 F.3d 124 (3d Cir. 1996), the Court was asked to determine the marketability discount that applied to the freely-traded value of certain stock.  In arriving at the amount of this discount, we set forth and evaluated numerous factors which affect marketability.  We concluded that "the marketability discount * * * [was] no greater than the 30 percent allowed by respondent."  Id.  Contrary to petitioner's belief, we did not determine that the marketability discount equaled 30 percent.

an opinion. Reconsideration is not the appropriate forum for rehashing previously rejected arguments or tendering new legal theories to reach the end desired by the moving party. The Court tries all issues raised in a case in one proceeding to promote orderly litigation and to further judicial economy by discouraging piecemeal and protracted litigation. CWT Farms, Inc. v. Commissioner, supra at 1057; Stoody v. Commissioner, 67 T.C. 643 (1977); see also Estate of Trenchard v. Commissioner, supra.

Petitioner's motion and memorandum do not list (or otherwise show) any unusual circumstance or substantial error with respect to our memorandum opinion. Thus, petitioner is not within the general rules for reconsideration of an opinion. Petitioner has also not persuaded us that this case requires us to depart from these general rules. In its trial brief, petitioner primarily argued that the Court should accept the values set forth by its expert, Mr. Chaffe. Petitioner also argued that the Mandelbaum factors confirmed that the 35-percent marketability discount used by Mr. Chaffe in ascertaining his value was not excessive.

For the reasons stated in Estate of Trenchard v. Commissioner, T.C. Memo. 1995-121, we disagreed with all of petitioner's arguments. Petitioner now asks us to reconsider our memorandum opinion in Estate of Scanlan v. Commissioner, T.C. Memo. 1996-331 and rewrite it to conform to Mr. Chaffe's conclusion on value. We decline to do so. Petitioner has not

presented any persuasive reason why we should reconsider or change our memorandum opinion. To the extent that petitioner wanted either to strengthen its argument or to otherwise expand on it, it should have done so before we released our memorandum opinion.

Petitioner also chose not to present additional evidence at trial to support the result that it desired. Instead, it decided to rest its case primarily on the opinion of Mr. Chaffe. We disagreed with Mr. Chaffe, and we found both his testimony and his report to be of no value. Rather than holding for respondent on the grounds that petitioner failed to meet its burden of proof, see Rule 142; Welch v. Helvering, 290 U.S. 115 (1933), we determined values for the subject shares based on the limited record.[3] It was because of the sparse record that we were unable to apply the Mandelbaum factors to determine the marketability discount.[4] Instead, as stated in our memorandum opinion, we determined the relevant values (which took into account a marketability and minority discount, as well as the change in circumstances from the date of the redemption agreement to the date of the decedent's death) in light of the imperfect record,

---

[3] At trial, respondent did not call any witnesses, and she did not introduce any exhibits (other than the 5 exhibits to which the parties stipulated before trial).

[4] In contrast to the instant record, the record in Mandelbaum was "replete with charts, graphs, factual data, testimony, and expert opinion." Mandelbaum v. Commissioner, supra.

guided by our common sense, knowledge, and experience. Petitioner's frustration with our memorandum opinion is best attributed to its inability to build a better record from which we could have made a more precise determination. Petitioner chose to rely mainly on Mr. Chaffe to reach the end that it desired, and we found Mr. Chaffe's expertise to be of no important value.[5]

Accordingly, we decline to reconsider our memorandum opinion.

To reflect the foregoing,

An appropriate order will be issued denying petitioner's motion.

---

[5] We also note that petitioner has never persuaded us that the shares were not marketable. Even assuming arguendo that the shares were not readily marketable, a fact that we were unable to find, we had trouble concluding on the instant record that the shares were not marketable at all. The marketability discount that we factored into the $50.50885 value set forth in our memorandum opinion at 1996-331 takes into account the absence of a recognized market for the subject stock, as well as the fact that a buyer may have to incur a subsequent expense to register the stock for public sale. See Mandelbaum v. Commissioner, supra; Estate of Trenchard v. Commissioner, T.C. Memo. 1995-121.