T.C. Memo. 2003-312


UNITED STATES TAX COURT


EDWARD H. AND ANNE G. HARRELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 4063-02L.          Filed November 12, 2003.


        R filed a motion for reconsideration of our
opinion in <u>Harrell v. Commissioner</u>, T.C. Memo. 2003-
271, arguing that our disposition of this case
constitutes both substantial error and unusual
circumstances.  R claims that the language in our
opinion was ambiguous as to whether respondent's
decision to issue the notice of determination was an
abuse of discretion.

        <u>Held</u>:  We reaffirm our holding in <u>Harrell v.
Commissioner</u>, <u>supra</u>, that R's decision to issue the
notice of determination was an abuse of discretion.
R's motion for reconsideration is denied.

_____

        [*]This opinion supplements our opinion in <u>Harrell v.
Commissioner</u>, T.C. Memo. 2003-271.

Guy C. Crowgey, for petitioners.

Mary Ann Waters, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


NIMS, Judge: Respondent moves the Court for reconsideration of its Memorandum Opinion at T.C. Memo. 2003-271. See Rule 161. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In Harrell v. Commissioner, T.C. Memo. 2003-271, we held that Appeals Officer Martin (AO Martin) was an impartial officer at the time she conducted the section 6330 hearing at issue in this case. We further held that AO Martin did not abuse her discretion in determining that the communications between Appeals Officer Barbara Petrohovich and Deborah Stanley, an attorney in respondent's counsel's office, did not violate petitioners' rights. We also remanded this case to the Commissioner for the sole purpose of permitting petitioners to reconsider their rejection of AO Martin's suggested installment agreement, which was based in part on petitioners' required concession of their 1991, 1992, and 1993 tax liabilities, or to offer another collection alternative pursuant to section 6330(c)(2)(A)(iii). Id.

In his motion to reconsider our decision in <u>Harrell</u>, respondent argues that the "Court's disposition of this case constitutes both substantial error and unusual circumstances."

<u>Background</u>

We adopt the findings of fact in our prior memorandum opinion, <u>Harrell v. Commissioner</u>, <u>supra</u>. For convenience we repeat the facts necessary to elucidate the ensuing discussion.

Respondent issued to petitioners a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" dated January 22, 2002 (Notice of Determination). The Notice of Determination dealt with petitioners' income tax liabilities for tax years 1991, 1992, 1993, and 1999.

Petitioner Edward H. Harrell filed for chapter 11 bankruptcy on October 24, 1995. Petitioner Anne G. Harrell filed for chapter 11 bankruptcy on December 18, 1996. Petitioners' chapter 11 bankruptcy cases were consolidated on February 27, 1997. Their consolidated chapter 11 bankruptcy case was dismissed on June 30, 1997.

On the same day as the dismissal of their chapter 11 bankruptcy case, petitioners filed a petition for chapter 7 bankruptcy relief. Petitioners were granted a discharge in their chapter 7 bankruptcy case on June 11, 1998.

On August 29, 1998, notices of Federal tax lien were filed for petitioners' income tax liabilities for tax years 1991, 1992, and 1993.

On December 25, 2000, the IRS issued to petitioners a "Final Notice - Notice of Intent to Levy" (Notice of Intent to Levy) with regard to income tax liabilities for tax years 1991, 1992, 1993, and 1999.

On January 23, 2001, petitioners requested a hearing pursuant to section 6330 with respect to the Notice of Intent to Levy.

On April 13, 2001, petitioners' case with respect to the Notice of Intent to Levy was assigned to AO Martin.

Before the issuance of the Notice of Intent to Levy, petitioners had submitted an offer in compromise for their 1991-93 tax years based on "doubt as to liability", taking the position that their liability for these years was discharged under chapter 7 of the Bankruptcy Code. They theorized that the returns for those years were filed outside the 3-year lookback period contained in the Bankruptcy Code. See 11 U.S.C. sec. 507(a)(8)(A)(i) (2000). At the section 6330 hearing, petitioners contended that collection by levy was not appropriate because their 1991-93 liabilities were discharged in their chapter 7 bankruptcy proceeding.

On January 22, 2002, respondent issued the Notice of Determination, which dealt with petitioners' income tax liabilities for tax years 1991, 1992, 1993, and 1999. The Notice of Determination found that collection action by levy was proper and appropriate. Attached to the Notice of Determination is a memorandum that states, in part: "The tax liabilities will not be abated as the collection statute was tolled during the period of the prior bankruptcy."

## Discussion

Reconsideration under Rule 161 permits us to correct manifest errors of fact or law, or to allow newly discovered evidence to be introduced that could not have been introduced before the filing of an opinion even if the moving party had exercised due diligence. See Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998); see also Traum v. Commissioner, 237 F.2d 277, 281 (7th Cir. 1956), affg. T.C. Memo. 1955-127. The granting of a motion for reconsideration rests within the discretion of the Court, and we do not grant a motion for reconsideration unless the party seeking reconsideration shows unusual circumstances or substantial error. See Alexander v. Commissioner, 95 T.C. 467, 469 (1990), affd. without published opinion sub nom. Stell v. Commissioner, 999 F.2d 544 (9th Cir. 1993); Estate of Halas v. Commissioner, 94 T.C. 570, 573 (1990); Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Estate of

<u>Bailly v. Commissioner</u>, 81 T.C. 949, 951 (1983). Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party. See <u>Estate of Quick v. Commissioner</u>, <u>supra</u> at 441-442; <u>Stoody v. Commissioner</u>, 67 T.C. 643, 644 (1977).

Respondent's main contention in support of his motion for reconsideration is that this Court was ambiguous in <u>Harrell v. Commissioner</u>, T.C. Memo. 2003-271, as to whether the issuance of the Notice of Determination, without awaiting the Supreme Court's opinion in <u>Young v. United States</u>, 535 U.S. 43 (2002), was an abuse of discretion. For the sake of clarity, we deem it necessary to discuss our rationale in greater detail than we did previously.

As of January 22, 2002, the date of the Notice of Determination upon which this case is based, the Supreme Court had not as yet decided <u>Young</u>, which had been argued on January 9, 2002, but was not decided until March 4, 2002. In this case, the Supreme Court held that the 3-year lookback period in bankruptcy cases is automatically tolled during the pendency of an earlier proceeding under the Bankruptcy Code.

In <u>Harrell v. Commissioner</u>, <u>supra</u>, we stated that we were "reluctant to label respondent's issuance of the Notice of Determination an abuse of discretion based upon a somewhat

technical reason for doing so". Despite this reluctance, we nevertheless found that under the circumstances of this case, it was an abuse of discretion to issue the Notice of Determination.

We acknowledge that the circumstances surrounding this case are highly unusual. In large part because of the uncertainty as to how the Supreme Court would resolve the equitable tolling issue, petitioners were unwilling to accept a collection alternative that required them to agree with respondent that their 1991-93 tax liabilities were not discharged. As we stated in Harrell v. Commissioner, supra,

> at the time petitioners rejected AO Martin's suggested installment agreement, and at the time the Notice of Determination was issued, there was sufficient reason to raise a doubt as to petitioners' tax liabilities for 1991, 1992, and 1993, so as to justify petitioners' rejection of an installment agreement based in part upon a concession of the 1991-93 liabilities.

By issuing the Notice of Determination at that time, respondent effectively denied petitioners the opportunity to present or consider collection alternatives that they might have presented or accepted had they known the outcome of Young v. United States, supra, before the issuance of the Notice of Determination. If, under this alternative scenario, petitioners had presented a collection alternative during the section 6330 hearing that was then rejected by respondent, petitioners would have been able to petition this Court pursuant to section

6330(d)(1) for review of that determination.  Consequently, this Court finds it appropriate to retain jurisdiction over this case.

We have considered each of the remaining arguments of respondent and to the extent they are not discussed herein, find them to be either not germane or unconvincing.

Accordingly, we will deny respondent's motion for reconsideration.

To reflect the foregoing,

An appraise order denying respondent's motion for reconsideration will be issued.