T.C. Memo. 1997-99


UNITED STATES TAX COURT


EDWARD AND RUTH KELLY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket Nos. 28233-91, 7795-94.      Filed February 25, 1997.


<u>Geoffrey J. O'Connor</u>, for petitioner Edward Kelly.

<u>Norman Trabulus</u>, for petitioner Ruth Kelly.

<u>Andrew J. Mandell</u> and <u>Lewis J. Abrahams</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  In our recently filed Memorandum Findings of
Fact and Opinion in these cases (T.C. Memo. 1996-529) (the
Opinion), we sustained respondent's determinations of

*This opinion supplements our previously filed Memorandum Findings of Fact and Opinion in Kelly v. Commissioner, T.C. Memo. 1996-529, filed Dec. 2, 1996.
deficiencies, additions to tax, and penalties, and denied the claim of petitioner Ruth Kelly (petitioner) to relief from liability as an innocent spouse under section 6013(e).[1]  The Opinion is incorporated herein by this reference.

Petitioner filed a timely motion for reconsideration, pursuant to Rule 161.  Respondent filed a notice of objection and memorandum of argument and authorities.  Petitioner Edward Kelly has not filed a response to petitioner's motion.

Petitioner argues that the Court incorrectly held that the deductions for ordinary losses and for business expenses claimed on the joint returns were not "grossly erroneous" within the meaning of section 6013(e)(2)(B), as having "no basis in fact or law", that upon reconsideration, the Court should conclude that the husband's loss deductions claimed on the joint return satisfied the "grossly erroneous" test, and that the Court should proceed to determine that petitioner satisfied each of the other requirements for innocent spouse status.

Specifically, petitioner argues that the Court, in rejecting her argument that the deductions claimed were "phony", failed to address whether they were "groundless" or "frivolous", and that,

---

[1]Except where otherwise noted, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

even if the losses claimed were not "phony", they were groundless and frivolous because courts have sustained criminal convictions for claims of ordinary loss treatment by persons who were traders rather than dealers. Petitioner also argues that the Court applied inconsistent standards in determining that petitioners were liable for negligence and substantial understatement additions for 1986 and 1987 and accuracy-related penalties for 1988-92 with respect to the claimed ordinary losses and unsubstantiated business expense deductions, while holding that the claimed ordinary losses and expense deductions were not grossly erroneous for the purpose of sustaining petitioner's entitlement to innocent spouse treatment.

The granting of a motion for reconsideration is within the discretion of the Court. Such a motion is generally denied in the absence of a showing of unusual circumstances or substantial error. CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985); Lucky Stores, Inc. v. Commissioner, T.C. Memo. 1997-70. Petitioner's motion shows no unusual circumstances or substantial error and will therefore be denied. However, for purposes of completeness, we will address the arguments in petitioner's motion.

1. Petitioner's Contention That Ordinary Loss Treatment of the Option Transactions Was Grossly Erroneous

Petitioner contends, as she did on brief, that the return treatment of the option losses as ordinary losses was

"groundless" and "frivolous" because other defendants have been criminally convicted for doing what petitioner Edward Kelly did. In United States v. Wood, 943 F.2d 1048 (9th Cir. 1991), the first case relied on by petitioner, the taxpayer was charged with tax evasion arising from unreported income derived from his embezzlement of funds placed with him for investment. One of the taxpayer's defenses was that he had no tax liability because he had lost the funds in the commodities market and that the losses were fully deductible from the embezzlement income. The Government argued that the losses were capital and not fully deductible because, as in the case at hand, the defendant had no customers and traded exclusively for his own account. The defendant was convicted of evasion because he embezzled and did not report the income, not because he claimed ordinary loss treatment as one of his defenses.

In the second case relied on by petitioner, United States v. Diamond, 788 F.2d 1025 (4th Cir. 1986), the defendant, who had claimed ordinary loss treatment of his commodities losses, was convicted of signing false returns because the evidence established, among other things, his education and professional experience (C.P.A., J.D., M.B.A., LL.M.), suggesting an extraordinary sophistication with respect to tax matters; that he reported trading losses in prior and subsequent years as capital losses and caused his father to report his losses from similar activity in 1980; that he directed his employer to withhold

additional taxes from his wages in order to avoid the estimated payment penalty he had incurred in prior years, suggesting that his decision to deduct his trading losses as ordinary losses was merely an afterthought; and perhaps most important, the false characterization of his trading activity and business name on the 1980 Schedule C, suggesting that he knew that accurate description would trigger inspection and ultimate disallowance of the ordinary loss deduction by the Internal Revenue Service. Id. at 1030. In Diamond, the defendant was convicted of filing false returns, not, as petitioner suggests, simply because he mischaracterized his commodities losses. The mischaracterization of the losses was only a small part of the defendant's sophisticated scheme to avoid taxes.

Recent developments, subsequent to issuance of the Opinion and our reliance on Reid v. Commissioner, T.C. Memo. 1989-294, confirm that Mr. Kelly's position, although incorrect, was not groundless or frivolous. Other individual taxpayers, during years in issue in the case at hand, made good faith claims that they were entitled to ordinary loss treatment as dealers in securities. The Court has rejected these claims, Marrin v. Commissioner, T.C. Memo. 1997-24; Hart v. Commissioner, T.C. Memo. 1997-11, and upheld the imposition of additions for late filing, as well as negligence and substantial understatement additions, in the face of the taxpayers' arguments that they believed that their ordinary losses from securities transactions

zeroed out their income tax liabilities, <u>Marrin v. Commissioner</u>, <u>supra</u>; <u>Cohen v. Commissioner</u>, T.C. Memo. 1996-546.  See generally Raby & Raby, "Ordinary Deductions, but Capital Losses for Securities Traders", Tax Notes 611 (Feb. 3, 1997), discussing these and other recent cases in this area.

Petitioner also argues that the Opinion is internally inconsistent.  Petitioner asserts that, in finding that Mr. Kelly did not act with fraudulent intent, the Court has relied upon Mr. Kelly's representation to his accountant that he was licensed to do business as an options dealer, a representation which the Court rejects as false, but to which it holds petitioner since, on brief, she did not contest its accuracy.  Petitioner goes on to claim that in sustaining the additions to tax under section 6653(a), the Court applied a contrary analysis, rejecting Mr. Kelly's claim of reliance upon his accountant because the Court found that he had not shown that he provided his accountant with complete and accurate information.

The Court has not rejected as false Mr. Kelly's representation to his accountant that he was licensed to do business as an options dealer.  The Court stated:  "Considering the importance of this allegation to Mr. Kelly's theory of the case, one would have expected him to present evidence verifying its accuracy.  He did not."

The Court found, as one of the weaknesses to petitioner's argument that the option losses were grossly erroneous, that Mr.

Auerbach, an experienced tax professional, as well as petitioner, accepted the accuracy of Mr. Kelly's representation that registration as an options principal qualified him to do business as an options dealer.  This led the Court to conclude that Mr. Kelly's representation did not constitute such a substantial deviation from ordinary behavior that it could not be ascribed to an honest misunderstanding or simple carelessness.

There is no inconsistency in the Court's also finding that petitioners were liable for the additions to tax pursuant to section 6653.  Any part of an underpayment attributable to a position taken by the taxpayer in reasonable, bona fide reliance upon professional tax advice is not attributable to negligence. Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991).  In order to prove reasonable reliance on an accountant, the taxpayer must demonstrate that he supplied his adviser with complete and accurate information.  Pessin v. Commissioner, 59 T.C. 473, 489 1972); Enoch v. Commissioner, 57 T.C. 781, 803 (1972); Gill v. Commissioner, T.C. Memo. 1994-92, affd. without published opinion 76 F.3d 378 (6th Cir. 1996).  The Court found that Mr. Kelly did not show that his status as a registered options principal in fact entitled him to open his own office and deal in options. Thus he simply did not satisfy his burden of showing that he provided his accountant with complete and accurate information on this material point.  This finding is not inconsistent with the

Court's finding that Mr. Auerbach and petitioner accepted the accuracy of Mr. Kelly's representation that registration as an options principal qualified Mr. Kelly to do business as an options dealer and that the representation did not constitute such a substantial deviation from ordinary behavior that it could not be ascribed to an honest misunderstanding or simple carelessness. Thus the evidence neither showed the representation to be phony or fraudulent nor foreclosed the possibility that the inaccuracy of the representation was due to negligence on Mr. Kelly's part.

Petitioner also claims, as she did on brief, that the record showed that Mr. Auerbach did not advise Mr. Kelly that he had a legitimate basis for ordinary loss treatment, but told him that his license could serve as a pretext for such a claim. Petitioner claimed that Mr. Kelly and Mr. Auerbach well knew that Mr. Kelly was not in the business of dealing in options.

There is nothing in the record to support these claims. To the contrary, Mr. Auerbach testified that he told Mr. Kelly that, based on the information that he had, he believed that Mr. Kelly was entitled to consider himself in the business of being a dealer and that, after reviewing the position, Mr. Auerbach was comfortable with Mr. Kelly's claiming ordinary losses on his returns.

2. <u>Petitioner's Contention That the Business Expense Deductions Were Grossly Erroneous</u>

Petitioner contends, as she did on brief, that section 274(d) elevates substantiation from a procedural proof requirement to an actual element of entitlement to the deduction, and therefore, if there was no substantiation, the deductions were grossly erroneous.

In order to prove that the travel and entertainment expenses that were claimed were grossly erroneous, petitioner must demonstrate that the claimed losses had no basis in fact or law. Sec. 6013(e)(2)(B).

A deduction has no basis in fact when the expense for which the deduction is claimed was never in fact made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Thus, petitioner must establish that the claimed deductions were fraudulent, frivolous, or, to use the word of the committee report,[2] phony. <u>Bokum v. Commissioner</u>, 94 T.C. 126 (1990), affd. 992 F.2d 1132 (11th Cir. 1993); <u>Douglas v. Commissioner</u>, 86 T.C. 758, 762-763 (1986), affd. without published opinion (10th Cir. June 28, 1989).

---

[2]H. Rept. 98-432 (Part 2), at 1502 (1984).

Petitioner may not rely on the disallowance or the failure to substantiate the deductions alone to prove a lack of basis in fact or law. As the Court stated in Douglas: "it simply does not follow that because deductions lacking in a factual or legal basis will be disallowed, all deductions which are disallowed lack a factual or legal basis." Douglas v. Commissioner, supra at 763; Purcell v. Commissioner, 826 F.2d 470 (6th Cir. 1987), affg. 86 T.C. 228 (1986).

The substantiation requirement of section 274(d) would not change the above analysis as to what constitutes grossly erroneous deductions. If petitioners had been able to adequately substantiate Mr. Kelly's travel and entertainment expenses, those expenses would have been fully deductible under well-settled legal principles.

Petitioner contends that if the entertainment expenses had a factual basis, there is no logical explanation why they were not reimbursed. There is no indication that the unreimbursed expenses were ever submitted to Mr. Kelly's employer, and no explanations why they were not submitted.

As discussed in respondent's briefs and by the Court, there could be a number of logical explanations as to why Mr. Kelly was not reimbursed for more expenses. As respondent suggests, there may have been an internal dollar limit in his department on the amount of entertainment expenses that would be reimbursed, or Mr.

Kelly might not have been bringing in enough business to warrant being reimbursed for additional expenses.

Any explanation why some of the expenses were not reimbursed would be pure speculation, as petitioner's counsel chose not to elicit any testimony from Mr. Kelly regarding his failure to request and obtain reimbursement of his entertainment expenses from his employer.

Petitioner has offered no evidence to show that the deductions in issue were grossly erroneous.  There has been no showing that the deductions were "phony" or otherwise grossly erroneous for purposes of the innocent spouse requirement. Purcell v. Commissioner, supra.

For the foregoing reasons,

An order will be issued denying petitioner's Motion for Reconsideration.