T.C. Memo. 1997-70


UNITED STATES TAX COURT


LUCKY STORES, INC., AND SUBSIDIARIES, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 4446-93.                    Filed February 10, 1997.


        P filed a Motion for Reconsideration of our Opinion
reported as <u>Lucky Stores, Inc., & Subs. v. Commissioner</u>, 107
T.C. 1 (1996) on the grounds that we failed to take into
consideration R's long-standing administrative practice of
applying Rev. Rul. 76-28, 1976-1 C.B. 106, to multiemployer
defined benefit plans, and that R failed to fully and fairly
apprise the Court of respondent's actual practices and
interpretations in this regard.  In addition, P filed two
Motions Requesting Judicial Notice.  <u>Held</u>:  P's Motion for
Reconsideration and Motions Requesting Judicial Notice will
be denied.


[*]This opinion supplements our previously filed Opinion in
<u>Lucky Stores, Inc., & Subs. v. Commissioner</u>, 107 T.C. 1 (1996).

Paul J. Sax, Richard E.V. Harris, and Richard A. Gilbert, for petitioner.

Alan Summers, Kevin G. Croke, and Elizabeth L. Groenewegen, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

NIMS, Judge:  In a timely filed Motion for Reconsideration (Motion) pursuant to Rule 161, petitioner requests the Court to reconsider its Opinion reported as Lucky Stores, Inc., & Subs. v. Commissioner, 107 T.C. 1 (1996).  The Opinion is incorporated herein by this reference.

Except where otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to sections of the Internal Revenue Code in effect for the years in issue.

Reconsideration under Rule 161 serves the limited purpose of correcting substantial errors of fact or law, and allows the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding.  Westbrook v. Commissioner, 68 F.3d 868, 879-880 (5th Cir. 1995), affg. per curiam T.C. Memo. 1993-634; see Estate of Scanlan v. Commissioner, T.C. Memo. 1996-414.  The granting of a motion for reconsideration rests with the discretion of the Court, and we usually do not exercise our discretion in the absence of a showing of unusual circumstances

or substantial error. <u>CWT Farms, Inc. v. Commissioner</u>, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985). Petitioner's Motion and related filings do not show any unusual circumstances or substantial error with respect to our Opinion.

In our Opinion, we held that petitioner may not deduct in a single taxable year contributions to 29 collectively bargained defined benefit plans made over a period of 20 (in some cases 19) months. In the Motion petitioner alleges that the Court erred in that this holding contradicts 20 years of administrative practice that applied Rev. Rul. 76-28, 1976-1 C.B. 106, to multiemployer defined benefit plans. Petitioner's Motion also alleges that respondent's counsel misled the Court by not bringing to the Court's attention the history of respondent's actual practices and interpretations in this area.

In addition to the Motion, petitioner has also filed a Motion Requesting Judicial Notice and a Second Motion Requesting Judicial Notice (collectively Judicial Notice Motions) supported by two "Declarations" under penalty of perjury by Richard E.V. Harris, to which are attached numerous exhibits. The Declarations and attached exhibits have also been filed, and thus become a part of the record. They are accordingly referred to in this Supplemental Memorandum Opinion to the extent we deem it necessary to do so to address arguments contained in petitioner's Motion and Judicial Notice Motions.

Rule 201(f) of the Federal Rules of Evidence provides that judicial notice may be taken at any stage of the proceeding. Petitioner's Judicial Notice Motions will be denied in this case, however, because their many paragraphs constitute nothing more than a hodgepodge of argument and statements with respect to the alleged action or inaction of respondent's counsel, of other taxpayers, and of Congress, and with respect to collectively bargained multiemployer pension plans.

Unfortunately for petitioner's position is the overlooked central fact that section 404(a)(6), from which the disputed administrative pronouncements have flowed, is a _timing_ provision, not a free-standing substantive provision intended to override other deduction provisions of section 404(a).  Section 404 is entitled "DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST".  Section 404(a)(6) is entitled "_Time_ when contributions deemed made" (emphasis added).

The private rulings attached to petitioner's various filings all uniformly hold that post-yearend contributions (grace period contributions) to a qualified employees' benefit plan (including in some cases multiemployer plans), if made within the parameters spelled out in section 404(a)(6), may be deducted in the prior year, but _only_ _if_ they fall within the deduction limitations of section 404(a) and related subsections.  Since petitioner's Motion and the Judicial Notice Motions never address this all-important proviso, petitioner's claim, even if correct, that

respondent failed to alert the Court to the existence of multiemployer plan private rulings becomes wholly irrelevant.

The documents submitted with petitioner's Motion and Judicial Notice Motions themselves belie petitioner's argument that the result reached in our Opinion is at odds with respondent's long-standing administrative practice.  This is amply illustrated by the following quotations:

> [1.]  The rules contained in Rev. Rul. 76-28 regarding the application of Code section 404(a)(6) are related only to the timing of contributions for deduction purposes. * * *  Corporation M is entitled to claim a deduction for such [1979] contribution to the extent the deduction does not  exceed the maximum deductible contribution for 1978. [Priv. Ltr. Rul. 7945115, (Aug. 8, 1979); emphasis added.]

> [2.]  You state that Corporation M makes contributions within the deduction limits imposed by section 404(a)(1) and 404(a)(7) of the Code * * *.  We conclude * * * that * * * Corporation M may deduct for 1979 and later taxable years under section 404(a)(1) and section 404(a)(6) of the Code contributions not in excess of the limits of section 404(a)(1) and section 404(a)(7) * * *.  [Priv. Ltr. Rul. 8010123 (Dec. 17, 1979); emphasis added.]

> [3.]  While the deductions also must come within the limitations of I.R.C. section 404(a), it is clear that those limits were not exceeded by the taxpayer.  [Submission of a law firm in support of a ruling request; emphasis added.]

> [4.]  This ruling does not consider the actual amounts deductible for the 1977 taxable year.  Undated Technical Advice Memorandum ruling involving years 1977-1978.

> [5.]  The total amount that may be deducted, however, is limited by the dollar amount determined under section 404(a)(1)(A) of the Code.  [Tech. Adv. Mem. 8714008 (Dec. 17, 1986).]

> [6.]  In addition, the principles of Rev. Rul. 76-28, regarding the application of section 404(a)(6), are related only to the timing of contributions for deduction purposes

and do not affect the computation of the plan's deductible limit under section 404(a).  [Tech. Adv. Mem. 8714008 (Dec. 17, 1986); emphasis added.]

[7.]  However, the principles contained in Rev. Rul. 76-28 regarding the application of section 404(a)(6) are related only to the timing of contributions for deduction purposes and do not affect the computation of the plan's deductible limit under section 404(a). [Tech. Adv. Mem. 8543002 (April 30, 1985); emphasis added.]

In short, the materials proffered by petitioner, to support its argument that the Court's Opinion is inconsistent with respondent's long-standing administrative position regarding section 404(a)(6) and Rev. Rul. 76-28, in fact wholly support the rationale of our Opinion and the result reached therein.  In this connection, it may also be useful to note that in our Opinion we pointed out that Technical Advice Memorandum 8210014, upon which petitioner so strongly relied, itself flatly states that "this ruling does not consider the actual amounts deductible for the * * * [relevant] taxable year".  Lucky Stores, Inc. & Subs. v. Commissioner, 107 T.C. at 16.  In all of its moving papers, petitioner simply ignores these constantly repeated caveats, so it is difficult to give credence to petitioner's insistence that the Court has disregarded long-standing administrative practice. Deduction limitations and petitioner's failure to come within them are at the focal point of our Opinion.

Even in the absence of the foregoing, as we stated in our Opinion, revenue rulings are not ordinarily precedential in this Court.  Id. at 13 (citing Gordon v. Commissioner, 88 T.C. 630,

635 (1987)). Moreover, unless the Secretary establishes otherwise by regulations, a "written determination" may not be used or cited as precedent by another taxpayer. Sec. 6110(j)(3); sec. 301.6110-7(b), Proced. & Admin. Regs. Written determinations include both private rulings and technical advice memoranda such as those excerpted above. Sec. 301.6110-2(a), Proced. & Admin. Regs.

As to the actual merits of the case, section 413(b)(7) provides that "Each applicable limitation provided by section 404(a) shall be determined as if all participants in the plan were employed by a single employer." Section 413(b)(7) also provides that anticipated employer contributions are to be determined in a manner consistent with the manner in which actual contributions are determined.

In the prior proceeding petitioner argued that under section 413(b)(7) its contributions were within the deductible limits of section 404(a) because the anticipated contributions for all of the CBA plans to which petitioner contributed for their respective plan years did not exceed any maximum deduction limitation under section 404(a). But petitioner's own contributions, if the so-called grace period contributions are included, as petitioner insists they should be, substantially exceeded its anticipated contributions. In our Opinion we stated that since section 413(b)(7) requires that the computation of anticipated contributions be consistent with actual employer

contributions, a taxpayer (petitioner included) may not arbitrarily expand its own deduction limitation for any taxable year by the simple expedient of deducting actual contributions that are inconsistent with its anticipated contributions. Lucky Stores, Inc., & Subs. v. Commissioner, 107 T.C. at 14. If any one employer-contributor to a multiemployer plan could expand its deduction limitation by this method, all could do so, a result not intended by section 413(b)(7). Nowhere in any of its moving papers does petitioner attempt to address this point.

Petitioner cites Airborne Freight Corp. v. United States, 76 AFTR 2d 95-7497, 96-1 USTC par. 50,004 (W.D. Wash. 1995), as being the only other decision to consider the issue herein. Airborne Freight Corp., however, is factually distinguishable from the instant case. Our Opinion took into account testimony by the plan administrator that she customarily determined the minimum funding standards on an annual basis with reference to hours worked by covered employees before the year closed. This testimony was probative that the payments in question, insofar as they were based on wages earned after the year's end, were not treated in the same manner that the CBA plans would treat a payment actually received on the last day of the taxable year. See Lucky Stores, Inc., & Subs. v. Commissioner, 107 T.C. at 13-15; cf. Rev. Rul. 76-28, 1976-1 C.B. 106. The order granting plaintiff's motion for summary judgment in Airborne Freight

Corp., on the other hand, made no mention of whether testimony to a similar effect was received in that case.

Furthermore, the District Court in Airborne Freight Corp. did not directly address the question of the deduction limitations of section 404(a), but instead relied almost entirely upon section 404(a)(6) and Rev. Rul. 76-28 in holding for the taxpayer. However, referring also to section 413(b)(7), the District Court rejected the IRS argument, as phrased by the court, "that by taking more of a deduction for the 1989 tax year than had been anticipated, AFC interfered with other employers' ability to estimate the plan-wide deductible limit". Airborne Freight Corp. v. United States, 76 AFTR 2d 95-7497, at 95-7499, 96-1 USTC par. 50,004, at 83,015 (W.D. Wash. 1995). The court went on to reason that because the taxpayer was late in filing its 1989 tax return, it could not have interfered with other employers' ability to calculate and claim their deductions. As indicated by our Opinion and the discussion above, we respectfully disagree with the District Court's analysis in that respect.

A final word. We emphasize that what petitioner seeks to obtain by its one-time bunching of 19 or 20 months of contributions in a single year is a permanent tax deferral. This concept is explicitly spelled out in an attachment to the Declaration of Richard E. V. Harris, in the following words: "Thus, assuming a [taxpayer] double extends its Federal income

tax return, it may be possible to realize a one-time tax savings [sic] to the extent of the tax benefit on nine months of contributions to the plan".  (Obviously, the bunching technique could not be applied in any subsequent year because to do so would require double counting of a bunched contributions.)  For the reasons already articulated, we do not believe the limitation of section 413(b)(7) permits the accelerated deduction of the "[eight or] nine months of contributions" sought by petitioner in this case.

For the above reasons,

An Order will be issued
denying petitioner's Motion
and the Judicial Notice Motions.