110 T.C. No. 32


UNITED STATES TAX COURT


ESTATE OF ROBERT W. QUICK, DECEASED, ESTHER P. QUICK,
PERSONAL REPRESENTATIVE, AND ESTHER P. QUICK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 8588-97.                    Filed June 29, 1998.


     Ps filed a Motion for Reconsideration of our
Opinion reported as Estate of Quick v. Commissioner,
110 T.C. 172 (1998).  Among other things, Ps argue that
our failure therein to order refunds for overpayments
of tax for Ps' 1989 and 1990 tax years stemming from
the "proper" computational adjustments which R should
have made for those years, as well as refunds for
overpayments for their 1987 and 1988 tax years
attributable to NOL carrybacks from 1989 and 1990, was
erroneous.  Held:  Ps' Motion for Reconsideration is
denied; this Court has jurisdiction to determine
overpayments of tax, if any, attributable to affected
items as part of a decision of this case (sec.
6512(b)(1), I.R.C.; Woody v. Commissioner, 95 T.C. 193,
206, 209 (1990), followed); this Court lacks

———————————————

     *  This opinion supplements our previously filed Opinion in
Estate of Quick v. Commissioner, 110 T.C. 172 (1998).

jurisdiction to order credits or refunds of
overpayments except with respect to overpayments
determined by final decision as authorized by sec.
6512(b)(2), I.R.C.


Kevin M. Bagley and Mitchell B. Dubick, for petitioners.

Gretchen A. Kindel, for respondent.


SUPPLEMENTAL OPINION

NIMS, Judge:  In a timely filed Motion for Reconsideration
(Motion) pursuant to Rule 161, petitioners request the Court to
reconsider its Opinion reported as Estate of Quick v.
Commissioner, 110 T.C. 172 (1998).  The Opinion is incorporated
herein by this reference.

Except where otherwise noted, all Rule references are to the
Tax Court Rules of Practice and Procedure.  All section
references are to sections of the Internal Revenue Code in effect
for the years in issue.

In our Opinion, we held, among other things, that
respondent's recharacterization of petitioners' distributive
share of partnership losses for 1989 and 1990 as passive for
purposes of section 469 (the section 469 issue) constituted an
"affected item" within the meaning of section 6231(a)(5), and was
thereby subject to the Tax Equity and Fiscal Responsibility Act
of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648,

codified at sections 6221 through 6233.  Estate of Quick v. Commissioner, supra at 187-189.

In their Motion, petitioners allege that our conclusion that the section 469 issue is an affected item within the meaning of section 6231(a)(5) and accompanying regulations is incorrect as a matter of law.  Petitioner's Motion further alleges that, even if the section 469 issue is an affected item, the Court nevertheless should have ordered respondent to refund overpayments of taxes paid for 1989 and 1990, as well as overpayments for 1987 and 1988, based on the "proper" computational adjustments to petitioners' returns which respondent should have made after the conclusion of the partnership level proceeding.  Lastly, petitioners' Motion alleges that we inconsistently decided that the section 469 issue constitutes an affected item for 1989 and 1990 but is not an affected item for 1987 and 1988.  Respondent has filed an objection to petitioners' Motion, together with a supporting memorandum of law.

Reconsideration under Rule 161 serves the limited purpose of correcting substantial errors of fact or law and allows the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding.  Westbrook v. Commissioner, 68 F.3d 868, 879-880 (5th Cir. 1995), affg. per curiam T.C. Memo. 1993-634; see Lucky Stores, Inc. v. Commissioner, T.C. Memo. 1997-70; Estate of Scanlan v. Commissioner, T.C. Memo. 1996-414.  The

granting of a motion for reconsideration rests with the discretion of the Court, and we usually do not exercise our discretion absent a showing of unusual circumstances or substantial error. CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985). Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party. Stoody v. Commissioner, 67 T.C. 643, 644 (1977); Estate of Scanlan v. Commissioner, supra.

Petitioners' argument that the section 469 issue cannot be an affected item for purposes of the applicability of TEFRA's audit and litigation provisions was raised previously and received thorough consideration by this Court. Estate of Quick v. Commissioner, supra. Petitioners' Motion does not evince any unusual circumstances or substantial error with respect to this issue. We therefore decline to reconsider this issue or to elaborate on it any further. See Stoody v. Commissioner, supra at 644.

Petitioners next contend that, even if the section 469 issue is an affected item requiring partner level factual determinations, the Court erred in failing to order refunds for overpayments of taxes paid for 1989 and 1990, as well as refunds for overpayments for 1987 and 1988 resulting from net operating loss carrybacks from 1989 and 1990. In petitioners' view,

respondent simply should have increased the amount of petitioners' distributive share of partnership losses flowing from the favorable adjustments at the partnership level for 1989 and 1990. Instead, respondent recharacterized petitioners' distributive share of the adjusted partnership losses (as well as petitioners' share of partnership losses previously reported on their returns for those years) as passive in notices of computational adjustment issued for 1989 and 1990, resulting in deficiencies. However, as an affected item requiring partner level factual determinations, the recharacterization of such losses was not properly subject to computational adjustment. Sec. 6230(a)(2)(A)(i); see Estate of Quick v. Commissioner, supra.

Respondent argues that this Court correctly declined to order refunds for overpayments of tax in our Opinion. We agree, but for the sake of clarity, we deem it necessary to discuss our rationale in greater detail than we did previously.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We have jurisdiction to decide whether we have jurisdiction. Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

Our jurisdiction to determine overpayments of tax is provided by section 6512(b). Judge v. Commissioner, supra at 1182. Section 6512(b) provides:

(b) Overpayment Determined by Tax Court.--

(1) Jurisdiction to determine.--Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

Section 6512(b)(2) confers jurisdiction to order refunds of overpayments determined by this Court "after 120 days after a decision * * * has become final."

Respondent, by virtue of having challenged petitioners' characterization of their distributive share of adjusted partnership losses for 1989 and 1990, has effectively transmuted what otherwise would have been unquestionably a partnership item, i.e., the amount of losses in petitioners' hands, into an affected item requiring partner level factual determinations. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. Having concluded that the section 469 issue is an affected item subject to deficiency proceedings under section 6230(a)(2)(A)(i), it follows that we have jurisdiction to determine any overpayments attributable thereto in this partner

level proceeding.  See, e.g., <u>Woody v. Commissioner</u>, 95 T.C. 193, 206 (1990).  However, the determination of any overpayments must be included as part of the decision in this case after a trial on the merits.  See sec. 6512(b)(3); <u>Estate of Quick v. Commissioner</u>, <u>supra</u> at 189.  Pursuant to section 6512(b)(1), petitioners would be entitled to a credit or refund of any overpayment that we may determine only when the decision becomes final.  Further, pursuant to section 6512(b)(2), we may order the refund of any overpayment included in a decision only if the refund remains unpaid for 120 days after the date the decision becomes final.

In response to petitioners' argument, even if the adjustments to the amounts of their distributive share of partnership losses for 1989 and 1990 were somehow separable from respondent's challenge to the characterization of those losses under section 469, and were therefore subject to computational adjustment, which they are not, we lack jurisdiction under section 6512(b) to determine any overpayments of tax attributable to computational items at any stage of this proceeding.  <u>Woody v. Commissioner</u>, <u>supra</u> at 206.  It follows that we also lack the authority to order the credit or refund of overpayments attributable to such computational items.

Lastly, petitioners' argument that the Court failed to treat the section 469 issue consistently for all years before the Court is unavailing.  We did not conclude that the characterization of

petitioners' share of losses is an affected item for 1989 and 1990, but is not an affected item for 1987 and 1988. Nor did we state that whether or not an item is an affected item depends solely on whether respondent "elects" to challenge it through an affected items deficiency proceeding. We simply held that "the characterization of losses as either passive or nonpassive in the hands of a partner is an affected item under section 469". Estate of Quick v. Commissioner, supra at 188.

Respondent did not challenge petitioners' characterization of their proportionate share of partnership losses for 1987 and 1988, and thus the affected items deficiency procedures were not required to be followed for those years. Rather, adjustments to the amounts of petitioners' distributive share of partnership losses in those years were properly made by respondent pursuant to notices of computational adjustment upon the conclusion of the partnership level proceeding. Sec. 6230(a)(1). It is only because respondent challenged the characterization of losses for 1989 and 1990, necessitating partner level factual determinations, that affected items deficiency procedures apply to those years. Sec. 6230(a)(2)(A)(i).

In sum, respondent cannot, as petitioners contend, arbitrarily "elect" to make the section 469 issue an affected item for certain years but not for others. However, respondent is free to challenge a taxpayer's characterization of his share of partnership losses via the affected items deficiency

proceedings in any year for which the period of limitations is open.

We have considered each of the remaining arguments of the parties and to the extent that they are not discussed herein, find them to be either not germane or unconvincing.

For the above reasons,

<u>An appropriate order denying petitioners' motion for reconsideration will be issued</u>.