T.C. Memo. 2001-113


UNITED STATES TAX COURT


DYNADECK ROTARY SYSTEMS, LTD.,
MARTIN LETTUNICH, TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent<sup>*</sup>


Docket No. 1199-99.                    Filed May 10, 2001.


Martin N. Lettunich, pro se.

<u>Paul K. Webb</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


LARO, <u>Judge</u>: Martin Lettunich (petitioner), Tax Matters

Partner of Dynadeck Rotary Systems, Ltd. (the Partnership),

timely moves the Court to reconsider <u>Dynadeck Rotary Sys. v.</u>

———————————

<sup>*</sup>This memorandum opinion supplements <u>Dynadeck Rotary Sys. v.</u>
<u>Commissioner</u>, T.C. Memo. 2000-382.

Commissioner, T.C. Memo. 2000-382. See Rule 161, Tax Court Rules of Practice and Procedure. In Dynadeck Rotary Sys. v. Commissioner, supra, the facts and holding of which are incorporated herein by this reference, we sustained respondent's determination that the Partnership had no debt during 1991 and 1992 that would allow its partners to increase their bases in the Partnership under section 752(a). In so doing, we rejected petitioner's argument that $400,000 owed to the Laurel Assets Group (LAG), an unrelated investment group, was a Partnership debt that increased each partner's basis in the Partnership for those years. Petitioner acknowledged that LAG transferred the $400,000 directly to Dynadeck Rotary Systems Incorporated (Corporation), a partner in the Partnership, and that the underlying promissory note listed the Corporation as the obligor. Petitioner asserted that the Corporation received the $400,000 as the Partnership's agent. We stated:

> The facts of this case do not establish that the Partnership was ever liable to repay any of that [the $400,000] amount. The sole evidence that we find in the record as to a debtor/creditor relationship is the promissory note which provides clearly that the Corporation owed the money to LAG. The note says nothing, nor is there evidence, to support petitioner's claim that the Corporation executed that note as the Partnership's agent or that the Partnership was liable for the note's repayment. Nor is there any evidence of a written agreement identifying the Corporation as the Partnership's agent, or evidence that the Corporation was held out as the partnership's agent in dealings with LAG or another third party. See Commissioner v. Bollinger, 485 U.S. 343, 349-350 (1988).

Our conclusion is supported by the fact that the Corporation's role in the Partnership was to secure funds for the Partnership and that the record is barren as to any obligation or effort on the part of the Partnership to secure its own funds. Nor do we find that any of the Partnership's partners, except the Corporation, had such an obligation. In fact, each of the partners appears to have contributed something unique to the Partnership. In the case of Messrs. Schadeck and Lettunich, for example, the former contributed his rights in the underlying patent, and the latter contributed his legal skills and his labor. The Corporation expected to, and did, generate and contribute funds to the Partnership. [Id.]

Reconsideration under Rule 161, Tax Court Rules of Practice and Procedure, serves the limited purpose of correcting manifest errors of fact or law, or allows for the introduction of newly discovered evidence that could not have been introduced in the prior proceeding by the exercise of due diligence. See Estate of Quick v. Commissioner, 110 T.C. 440, 441-442 (1998); Lucky Stores, Inc., & Subs. v. Commissioner, T.C. Memo. 1997-70, affd. 153 F.3d 964 (9th Cir. 1998); Estate of Scanlan v. Commissioner, T.C. Memo. 1996-414, affd. without published opinion 116 F.3d 1476 (5th Cir. 1997). The granting of a motion for reconsideration rests within our discretion, and we usually do not exercise our discretion absent a showing of unusual circumstances or substantial error. See Estate of Quick v. Commissioner, supra at 441-442; Lucky Stores, Inc., & Subs. v. Commissioner, supra; Estate of Scanlan v. Commissioner, supra. Reconsideration is not the appropriate forum for rehashing

previously rejected arguments or tendering new legal theories to reach the end desired by the moving party.  See <u>CWT Farms, Inc. v. Commissioner</u>, 79 T.C. 1054, 1057 (1982), affd. 755 F.2d 790 (11th Cir. 1985); <u>Stoody v. Commissioner</u>, 67 T.C. 643 (1977); <u>Estate of Trenchard  v. Commissioner</u>, T.C. Memo. 1995-232.

Petitioner's motion and related filings do not establish any unusual circumstance or substantial error with respect to <u>Dynadeck Rotary Sys. v. Commissioner</u>, <u>supra</u>.  Thus, petitioner is not within the general rules for reconsideration of a Memorandum Opinion.  Petitioner has also not persuaded us that the Partnership's case requires us to depart from these general rules.  In his trial brief, petitioner argued that the Corporation received the $400,000 as the Partnership's agent. For the reasons stated in <u>Dynadeck Rotary Sys. v. Commissioner</u>, <u>supra</u>, we disagreed with that argument.  Petitioner now asks us to reconsider and accept that argument.  We refuse to do so. Petitioner has not presented any persuasive reason why we should reconsider or change <u>Dynadeck Rotary Sys. v. Commissioner</u>, <u>supra</u>.[1]  To the extent that petitioner had wanted either to

---

[1] Petitioner's motion relies, in part, on a document that petitioner attached to his posttrial brief.  The document is entitled "Declaration of Martin N. Lettunich" and contains Mr. Lettunich's assertions as to his understanding of the events surrounding the $400,000 debt.  We did not and do not consider that document (or the assertions stated therein) as evidence. See Rule 143(b); see also <u>Beecroft v. Commissioner</u>, T.C. Memo.
(continued...)

strengthen his argument or to otherwise expand on it, he should have done so before we released <u>Dynadeck Rotary Sys. v. Commissioner</u>, <u>supra</u>.  Petitioner did not do so.

Given the absence of a persuasive reason to depart from the general rules for reconsideration mentioned above, we refuse to reconsider <u>Dynadeck Rotary Sys. v. Commissioner</u>, <u>supra</u>.  Accordingly,

<u>An appropriate order will be issued denying petitioner's motion</u>.

---

[1](...continued)
1997-23, and the cases cited therein.