T.C. Memo. 2004-10

UNITED STATES TAX COURT

ROBERT K. AND DAWN E. LOWRY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 11579-00.           Filed January 12, 2004.

On a Motion for Reconsideration of Findings or
Opinion and a Motion to Vacate or Revise a Decision,
under, respectively, Rules 161 and 162, Tax Court Rules
of Practice and Procedure, Ps challenge the Court's
factual and legal conclusions in <u>Lowry v. Commissioner</u>,
T.C. Memo. 2003-225. There, this Court decided that a
conceded gain under sec. 1231, I.R.C., was realized in
1994, and not in 1993, as contended by Ps.

<u>Held</u>: Ps have failed to point to any substantial
errors of fact or law or to present any newly
discovered evidence that could not have been introduced
previously even if Ps had exercised due diligence.
<u>Estate of Quick v. Commissioner</u>, 110 T.C. 440 (1998),
applied. Ps' Motions will be denied.

---

[*]This opinion supplements our previously filed Memorandum
Opinion in <u>Lowry v. Commissioner</u>, T.C. Memo. 2003-225.

Daniel C. Ertel, for petitioners.

Lydia A. Branche, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


NIMS, Judge:  This case remains before the Court on petitioners' Motion for Reconsideration of Findings or Opinion under Rule 161, and Motion to Vacate or Revise Decision under Rule 162 (collectively, the Motions).  Since the Motions are interconnected we deal with them together.  The Motions relate to our Memorandum Opinion, Lowry v. Commissioner, T.C. Memo. 2003-225, filed July 30, 2003, which we incorporate herein, and the Decision entered thereunder.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect at all relevant times hereunder, and all Rule references are to those contained in Tax Court Rules of Practice and Procedure.

In Lowry v. Commissioner, supra, we held, on the issue now again challenged by petitioners, that petitioners realized a section 1231 gain in 1994 rather than in 1993, as they contended.

Rules 161 and 162 provide for Motions for Reconsideration of Findings or Opinion and for Motions to Vacate or Revise a Decision, respectively.  Reconsideration allows the Court to

correct substantial errors of fact or law, or to allow newly discovered evidence to be introduced that could not have been introduced before the filing of an opinion even if the moving party had exercised due diligence. Estate of Quick v. Commissioner, 110 T.C. 440 (1998); Estate of Halder v. Commissioner, T.C. Memo. 2003-284. The granting of a motion for reconsideration rests within the discretion of the Court, and petitioners must show unusual circumstances or substantial error for their motion to be granted. Estate of Quick v. Commissioner, supra, at 441. Moreover, we have held that reconsideration is not the appropriate vehicle for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party. Id. at 441-442.

Petitioners allege that the factual conclusions reached by the Court in its Memorandum Opinion are incomplete, incorrect, and not supported by the evidence. We disagree. Furthermore, all but one of the legal issues raised in the Motions have been raised by petitioners in their original and reply briefs.

Petitioners assert for the first time that section 6201(d) places the burden on respondent for producing reasonable and probative information concerning respondent's assertion of the incorrectness of the Form 1099-A, Acquisition or Abandonment of

Secured Property, in which AAL reported that it had acquired the Fitch Property on December 15, 1993. On motions for reconsideration we do not, except under extraordinary circumstances, address any new issue which a party could have addressed but failed to address prior to the Court's deciding the case. See, e.g., Stoody v. Commissioner, 67 T.C. 643, 644 (1977). But in any case, the facts in evidence in this case abundantly demonstrate, as we found, that the Form 1099-A was erroneous. Furthermore, as we also pointed out in our Memorandum Opinion, the amended 1994 partnership return emphasized the partners' position that the Form 1099-A was erroneous.

Petitioners contend that the factual statement in our Memorandum Opinion is erroneous in its basic elements. Essentially, petitioners disagree with the Court's conclusions about the facts. In our Memorandum Opinion, we considered and addressed petitioners' arguments and all of the documentary evidence. Petitioners have not shown any manifest error of fact.

On the basis of the record, petitioners' version of the "facts" misconstrues the real facts. In essence, in addition to the "incorrect" Form 1099-A, petitioners' case is anchored on two essential documents; namely, the Grant Deed, which was dated December 15, 1993, and the Covenant Not to Sue, which was also

dated December 15, 1993. Petitioners believe that the December 15, 1993, date on these documents establishes that the forgiveness of indebtedness income was realized in 1993, not 1994.

However, petitioners have declined to address, or have misconstrued, the most salient fact; namely, that the escrow instructions, dated December 9, 1993, were issued to the Title Company on behalf of both AAL, the creditor, and the debtor Partnership. The escrow instructions are worded in such a way that the Title Company's "acceptance" of the instructions would be completed only when various exceptions to closing title had been satisfied. These, in fact, were not completed until May 27, 1994, when title closed with the filing for recordation of the aforementioned Grant Deed and the issuance of an owner's title policy, the exceptions having been satisfied. It was on this date that 1994, and not 1993, was established as the year in which the forgiveness of indebtedness income was realized.

Petitioners dispute the Court's holding that the facts do not bring this case within those of Keith v. Commissioner, 115 T.C. 605 (2000), which case specifically involved a type of transaction under Georgia law known as a "contract for deed." As we pointed out in the Memorandum Opinion, Georgia law normally construes a contract for deed as a device for passing equitable ownership, leaving the seller with bare legal title and

essentially a security interest until all installment payments have been made.  The case before us does not involve a contract for deed, and petitioners have offered nothing new to support their continued argument on this point.

For the foregoing reasons, we will deny petitioners' Motions.

<u>An appropriate Order will</u>

<u>be issued</u>.