T.C. Memo. 2006-117

UNITED STATES TAX COURT

LEONARD O. PARKER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 4053-03L.              Filed June 8, 2006.

        P filed a Motion for Reconsideration and a Motion
to Vacate challenging some of the Court's factual and
legal conclusions.

        P asserts that this Court erred by not finding R
violated the automatic bankruptcy stay imposed under 11
U.S.C. sec. 362(a) (1994), when R assessed P's tax
liability for 1994 before the stay was lifted.

        <u>Held</u>:  The Government's claim for P's 1994 tax
liability arose no earlier than Dec. 31, 1994, and
therefore postdated the commencement of the case in
bankruptcy on April 7, 1994.  Thus, the bankruptcy stay
did not bar the assessment of P's 1994 income tax
liability.

_____

        [*] This Supplemental Memorandum Opinion supplements our prior
opinion in <u>Parker v. Commissioner</u>, T.C. Memo. 2006-43.

Leonard O. Parker, Jr., pro se.

Hieu C. Nguyen, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


HAINES, Judge: On April 20, 2006, petitioner filed a Motion for Reconsideration of Findings or Opinion under Rule 161, and a Motion to Vacate or Revise a Decision under Rule 162 (collectively, the motions).[1]  Since the motions are identical, they will be addressed together.

The Court incorporates herein its Findings of Fact in Parker v. Commissioner, T.C. Memo. 2006-43.  For convenience and clarity, the Court repeats below the facts directly relevant to the disposition of these motions.

Petitioner filed for bankruptcy under title 11 of the United States Code on April 7, 1994.  Petitioner subsequently filed his 1994 Federal income tax return on August 18, 1995, in which he reported income of $8,123 for 1994 and tax due of $1,134.  He failed to pay the full amount due for 1994.  Respondent assessed petitioner's 1994 Federal income tax liabilities on October 9, 1995.  The bankruptcy case was dismissed on June 28, 1996.[2]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[2] Petitioner also filed for bankruptcy on two other occasions: the proceeding filed on Nov. 26, 1997, was closed on
(continued...)

On April 11, 2001, respondent timely sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL). The Notice indicated that on April 5, 2001, a Federal tax lien was filed with respect to petitioner's unpaid 1994 income tax liability.

On May 13, 2001, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing. On December 15, 2004, petitioner met with the settlement officer. At the hearing, in addition to other assertions, petitioner asserted his April 7, 1994, bankruptcy filing barred the October 9, 1995, assessment of his 1994 tax liability.

On February 9, 2005, the settlement officer determined respondent was not barred from assessing petitioner's 1994 tax liability on October 9, 1995, and the NFTL was appropriate and in accordance with all procedural guidelines.

The Court in its opinion concluded respondent did not abuse his discretion and therefore was not barred from assessing petitioner's 1994 tax liability, see Parker v. Commissioner, supra, and entered decision accordingly.

Rule 161 provides for a Motion for Reconsideration of Findings or Opinion, and Rule 162 provides for a Motion to Vacate or Revise a Decision. Reconsideration allows the Court to correct substantial errors of fact or law, or to allow newly

---

[2](...continued)
May 12, 1998; and the proceeding filed on June 30, 1998, was closed Oct. 27, 1998.

discovered evidence the moving party could not have introduced, by exercise of due diligence, in the prior proceeding. Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998). The granting of a motion for reconsideration rests within the discretion of the Court, and taxpayers must show unusual circumstances or substantial error for their motions to be granted. Id. Moreover, reconsideration is not the appropriate vehicle for rehashing previously rejected legal arguments or tendering new legal theories to reach the result desired by the moving party. Id. at 441-442.

In his motions, petitioner asserts: (1) Respondent violated an automatic bankruptcy stay imposed under 11 U.S.C. sec. 362(a) (1994), when respondent assessed his 1994 tax liability, and as a result respondent did not timely assess such liability; (2) the NFTL was improperly issued; and (3) the NFTL overstated petitioner's true tax liability.

Petitioner's motions do not introduce any new evidence, show unusual circumstances, or establish a substantial error of law. The motions merely rehash legal arguments already rejected by this Court.[3] Nevertheless, we discuss the application of 11 U.S.C. sec. 362(a)(6) to this case in greater detail.

---

[3] As found in Parker v. Commissioner, supra, the assessment of the 1994 liability did not violate the bankruptcy stay, and the NFTL was timely issued and correctly stated petitioner's tax liability for tax years 1992, 1993, and 1994.

A bankruptcy petition operates as an automatic stay of acts to collect, assess, or recover any claim against the debtor that arose before the commencement of the case in bankruptcy.[4]  11 U.S.C. sec. 362(a)(6) (1994); Smith v. Commissioner, 124 T.C. 36, 40-41 (2005).  The stay begins when the bankruptcy petition is filed and, while in effect, operates to prevent the assessment of tax, and it continues until the earlier of the time the case is closed or dismissed, or discharge is granted or denied.  Clark v. Commissioner, 90 T.C. 68, 70 (1988).

In general, a claim that arises after filing a bankruptcy petition and before the case is closed or dismissed is not affected by the automatic stay.[5]  See Sanchez v. Gordon, 241 F.3d 1148, 1150-1151 (9th Cir. 2001); Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 Bankr. 996, 999-1000 (Bankr. N.D. Ga. 1983), affd. without published opinion 742 F.2d 1465 (11th Cir. 1984); In re Powell, 27 Bankr. 146, 147 (Bankr. W.D. Mo. 1983); In re Anderson, 23 Bankr. 174, 175 (Bankr. N.D. Ill. 1982); In re York, 13 Bankr. 757, 758-59 (Bankr. D. Me. 1981).

---

[4] Effective for bankruptcy proceedings commenced after Oct. 22, 1994, the bankruptcy code was amended to allow for an assessment of any tax during a bankruptcy stay.  11 U.S.C. sec. 362(b)(9)(D) (1994).  Because petitioner filed for bankruptcy on Apr. 7, 1994, the 1994 amendment to the bankruptcy code is inapplicable.

[5] There are no Tax Court cases which define when a claim arises for income taxes in bankruptcy proceedings.

Petitioner argues the Internal Revenue Service has a contemporaneous right to the payment of taxes as income is earned.  As a result, petitioner contends that respondent had a prepetition "claim" under 11 U.S.C. sec. 362(a)(6), for taxes generated from income earned from January 1, 2004, through the date petitioner filed a petition with the bankruptcy court on April 7, 1994.  Thus, in petitioner's view the October 9, 1995, assessment of petitioner's 1994 tax liability, as it pertains to the income earned before the petition was filed, violated the automatic bankruptcy stay.[6]

Federal income tax generally is incurred, and liability established, on the last day of the taxable year.  Towers v. United States (In re Pac.-Atl. Trading Co.), 64 F.3d 1292, 1298 (9th Cir. 1995).  Petitioner filed his bankruptcy court petition on April 7, 1994.  The Government's claim to petitioner's 1994 income tax liability arose no earlier than December 31, 1994.  Thus, because the claim to the tax liability arose after the commencement of the case in bankruptcy, the assessment of

---

[6] If a debtor makes a sec. 1398(d)(2) election, his tax liability for the first short taxable year becomes an allowable claim against the bankruptcy estate as a claim arising prior to the bankruptcy filing.  In the absence of a sec. 1398(d)(2) election, the debtor's tax liability for the entire year in which the bankruptcy proceeding commences is collectible directly from the debtor individually, with no portion being collectible from the bankruptcy estate.  See Katz v. Commissioner, 116 T.C. 5, 16-17 (2001), revd. on other grounds 335 F.3d 1121 (10th Cir. 2003).  Petitioner did not elect to split the 1994 taxable year under sec. 1398(d)(2).

petitioner's 1994 tax liability was not subject to the bankruptcy stay.  Therefore, petitioner's motions are denied.

To reflect the foregoing,

<u>An order will be issued denying petitioner's motion for reconsideration and petitioner's motion to vacate</u>.