T.C. Memo. 2013-192

UNITED STATES TAX COURT

ROBERT PEREZ MORALES, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

RONDA KAY MORALES, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4225-12, 5316-12.          Filed August 26, 2013.

Carlton M. Smith, for petitioners.

Mark H. Howard and Charles B. Burnett, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

KROUPA, Judge:  These consolidated cases are before the Court on Robert

Morales and Ronda Morales' joint motion to reconsider the opinion pursuant to

---

[*]This opinion supplements our prior Memorandum Opinion, Morales v. Commissioner, T.C. Memo. 2012-341.

**[\*2]** Rule 161[1] and their motions to vacate the decisions under Rule 162 in

Morales v. Commissioner, T.C. Memo. 2012-341 (Morales I).  In Morales I, we

held that petitioners were not entitled to a first-time homebuyer credit under

section 36 (credit).  We further held petitioners liable for an accuracy-related

penalty (penalty).  See sec. 6662(a).  Petitioners ask that we vacate our decisions

and reconsider our opinion as it relates to the penalty.[2]  For the reasons that

follow, we will deny these motions.

Background

We adopt the findings of fact we made in Morales I.  For convenience and

clarity, we repeat only the facts necessary to resolve these motions.

Petitioners argued they were not liable for the penalty only because they

acted in good faith and with reasonable cause in preparing their returns.  We held

in Morales I that because they failed to act with reasonable cause in preparing the

returns, they were liable for the penalty.

---

[1]Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code (Code) in effect at relevant times, unless otherwise indicated.

[2]Petitioners now concede they are not entitled to the credit.

**[\*3]** Petitioners now concede they were not entitled to the credit. Petitioners now argue, however, that they are not liable for the penalty because respondent failed to show an underpayment for 2008. See sec. 7491(c).

## Discussion

We are asked to reconsider whether petitioners, who claimed a credit causing negative taxable income, are liable for the penalty when the credit is later denied. Petitioners put forth this new inquiry of whether the claimed credit created an underpayment to which the penalty could apply. This issue is before us on petitioners' motions. We turn now to the motions.

## I. Standard of Review

We focus on whether to grant petitioners' motions. This Court has discretion to grant a motion for reconsideration. Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998); Martin v. Commissioner, T.C. Memo. 2004-14; see also Goettee v. Commissioner, T.C. Memo. 2004-9. We generally do not exercise our discretion absent a showing of unusual circumstances or substantial error of law or fact. Estate of Quick v. Commissioner, 110 T.C. at 441. Reconsideration is intended to correct substantial errors of law or fact and allow introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding. Id. at 441-442. The purpose

**[*4]** of reconsideration is not to rehash previous contentions or present new alternative arguments or legal theories.  Id.

This Court also has discretion to vacate a decision.  Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).  We refer to the Federal Rules of Civil Procedure because Rule 162 does not provide a standard for evaluation.  Rule 1(b).  The Court may grant a motion to vacate upon a showing of newly discovered evidence, mistake or extraordinary circumstances.  See Fed. R. Civ. P. 60(b)(1), (2), (6); Langille v. Commissioner, T.C. Memo. 2010-49, aff'd, 447 Fed. Appx. 130, 135 (11th Cir. 2011).

II.     Motion for Reconsideration

We first address the reconsideration motion.  Petitioners ask us to reconsider our opinion that petitioners are liable for the penalty.  Rather than argue as they did at trial, they now argue, with the assistance of counsel,[3] that respondent did not meet his burden of production to establish that petitioners were liable for the penalty.  Petitioners argue that respondent must show proof of an underpayment.  An underpayment is defined as the amount of tax exceeding the amount shown as the tax by the taxpayer on the return, plus amounts not so shown

---

[3]Carlton M. Smith, petitioners' counsel, entered an appearance after we entered the decisions in Morales I.

[*5] previously assessed.  Sec. 6664(a).  Petitioners raise this newly minted argument for the first time in the reconsideration motion.

We turn now to petitioners' argument at trial that the penalty does not apply.  An accuracy-related penalty applies to any portion of an underpayment attributable to negligence[4] or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  The accuracy-related penalty does not apply, however, to portions of an underpayment as to which the taxpayer acted in good faith and with reasonable cause.  See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The Commissioner bears the burden of production regarding penalties and must show sufficient evidence to support imposing a penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

In Morales I, we held that respondent satisfied the burden of production by showing petitioners were negligent in claiming the credit.  Petitioners failed to show that they acted with reasonable cause in preparing the returns, and they raised no other arguments.  Id.  Thus, we stand by our finding in Morales I that respondent met his burden of production by establishing that petitioners were

_____

[4]Negligence includes any failure to make a reasonable attempt to comply with provisions of the Code, exercise reasonable care in return preparation and keep adequate records to substantiate deductions and credits claimed.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

**[\*6]** negligent in claiming the credit.  See, e.g., Carlebach v. Commissioner, 139 T.C. 1, 27-31 (2012).

We now turn to petitioners' new legal theory that, although petitioners were negligent, there was no underpayment to which the penalty could attach. Petitioners put forth this theory that respondent should have shown that the credit created an underpayment.  Essentially, petitioners argue for the first time that the repercussions of erroneously claiming the credit did not create an underpayment under section 6664(a).

Respondent argues that unless petitioners assign error to the penalty, it is not necessary to produce evidence to support the penalty because the penalty is considered conceded.  We agree.  Petitioners conceded the penalty by failing to assign clear and concise error to respondent's determination of the penalty.  See Rule 34(b)(4); Funk v. Commissioner, 123 T.C. 213 (2004); Swain v. Commissioner, 118 T.C. 358, 362-365 (2002); Stern v. Commissioner, T.C. Memo. 2012-204.  Respondent is not required to establish the validity of a conceded issue.  Swain v. Commissioner, 118 T.C. at 364.

Petitioners argued only that they acted with reasonable cause in preparing the returns.  No other assignments of error were directed toward the penalty before or during trial.  Petitioners had ample opportunity to raise this newly minted

**[*7]** argument before the disposition of <u>Morales I</u>, by amending the pleadings or presenting it at trial, but failed to do so. <u>See</u> Rule 41. Petitioners are deemed to have conceded the penalty because they did not timely assign clear and concise error to the penalty. <u>See</u> <u>id.</u>

A motion for reconsideration is not a forum to test new arguments when an opportunity to do so has been previously given. <u>Estate of Quick v. Commissioner</u>, 110 T.C. at 441-442. Petitioners advance a new legal theory. We decline their invitation to entertain this untimely argument.

Further, because we will deny the motion to reconsider, there remains no basis to vacate our decisions in <u>Morales I</u>.

III. <u>Conclusion</u>

Accordingly, we find it inappropriate to reconsider our opinion or vacate our decisions in <u>Morales I</u>. Petitioners have not demonstrated unusual circumstances or substantial errors of fact or law. Instead, petitioners raise for the first time a new legal theory as to why the penalty should not apply. Petitioners did not raise before or during trial the amount to which a penalty would apply. Therefore, we decline to address petitioners' argument now asserted for the first time. <u>See</u> <u>Stoody v. Commissioner</u>, 67 T.C. 643, 644 (1997).

**[*8]**  Accordingly, we will deny petitioners' motion for reconsideration and motions to vacate.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot or meritless.

To reflect the foregoing,

<u>Appropriate orders will be issued.</u>