AMIR SAFAKISH, Petitioner(s), v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Safakish v. Comm'r
Docket No. 8032-10S.
United States Tax Court
2014 U.S. Tax Ct. LEXIS 55; November 24, 2014, Decided
*55 Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER
This case was called from the calendar for the trial session of the Court at San Francisco, California, on October 29, 2012. At some point before trial, petitioner expressed an interest in removal of the small tax case (S) designation. The Court did not act on this informal request. The case was recalled on October 30, 2012. Both parties appeared, and the case was submitted to the Court after a trial. The issue of the removal of the S designation was not raised at trial. On December 23, 2013, the Court issued its opinion (T.C. Summary Opinion 2013-107) in this case. The opinion stated that a decision would be entered under Rule 155.[1] On July 17, 2014, respondent filed his computation for entry of decision. A decision has not been entered in this case.
On April 22, 2014, petitioner filed a motion for leave to file motion for reconsideration of findings or opinion pursuant to Rule 161. On May 19, 2014, petitioner lodged a motion for reconsideration of findings or opinion pursuant *56 to Rule 161. On June 19, 2014, the Court granted petitioner's motion for leave to file motion for reconsideration and filed petitioner's motion for reconsideration as of June 19, 2014. Petitioner asserted in his motion for reconsideration that he had additional documents he would like to present to the Court to support his position that he overstated gross receipts on his 2006 and 2007 Schedules C, Profit or Loss From Business. Petitioner also asserted that he specifically requested at the commencement of trial that he be provided an opportunity to appeal any adverse decision by the Court.
By order dated June 19, 2014, the Court denied petitioner's motion for reconsideration of findings or opinion pursuant to Rule 161. The Court noted that this case was continued three times before the October 30, 2012, trial. The Court was satisfied that petitioner had been given ample opportunity to gather documents. The Court also noted that the documents petitioner offered were not newly discovered evidence that petitioner could not have introduced, by the exercise of due diligence, in the October 30, 2012, trial. See Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998). As of June 19, 2014, the Court did not have a copy of the audio recording or transcript of the *57 calendar call or any pretrial proceedings reflecting petitioner's concerns about the S designation.
On July 18, 2014, petitioner requested a copy of the audio recording of the trial. On September 10, 2014, petitioner filed a second motion for reconsideration of findings or opinion pursuant to Rule 161. In his motion, petitioner again asserts that he has additional documents he would like to present to the Court regarding his 2006 and 2007 tax liabilities. Petitioner also asserts again that he specifically requested at the commencement of trial that he be provided an opportunity to appeal any adverse decision. Petitioner further asserts that he requested a copy of the audio recording of the trial and it was not provided to him. In addition, petitioner requests that any further opinions not be placed on the Internet.
Reconsideration under Rule 161 is intended to correct substantial errors of fact or law and allow the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding. Id. at 441. The decision to reconsider rests with the discretion of the Court. CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), aff'd, 755 F.2d 790 (11th Cir. 1985). The Court generally does not exercise discretion to grant such *58 a motion without a showing of substantial error or unusual circumstances. Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), aff'd on this ground, 510 F.2d 43,45 n.l (1st Cir. 1975). A motion for reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result the moving party desires. Estate of Quick v. Commissioner, 110 T.C. at 441-442.
As we stated in the Court's order dated June 19, 2014, this case was continued three times before the October 30, 2012, trial. Petitioner was given ample opportunity to gather documents. The evidence petitioner offers is not newly discovered evidence that he could not have introduced, by the exercise of due diligence, in the October 30, 2012, trial. See id. at 441. Therefore, we will deny in part petitioner's motion for reconsideration to the extent petitioner seeks to reopen the record to allow him to submit additional evidence.
After petitioner requested a copy of the audio recording of the trial on July 18, 2014, the Court obtained a copy of the audio recording and a transcript of the pretrial proceeding. A review of the audio recording and transcript of the pretrial proceedings reflects that, during pretrial proceedings, petitioner stated on the record: "And I also wanted to request *59 change the case to a case without S, so we have a possibility to appeal." Petitioner's case was one of many cases called during the calendar call at the commencement of the trial session. Petitioner's informal request at that juncture was apparently overlooked by the Court. Because of these unusual circumstances, we will grant petitioner's motion for reconsideration in part and will consider petitioner's request to remove the S designation.
We now address petitioner's request to remove the S designation. Section 7463(a) allows a small tax case to be conducted "at the option of the taxpayer and concurred in by the Tax Court." Rule 171 (d) provides: "The Court, on its own motion or on the motion of a party to the case, may, at any time before the trial commences, issue an order directing that the small tax case designation be removed and that the proceedings not be conducted as a small tax case. If no such order is issued, then the petitioner will be considered to have exercised the petitioner's option and the Court shall be deemed to have concurred therein." As mentioned above, petitioner made an informal request to remove the S designation. The pleading of a pro se litigant is construed broadly. Rule 31(d); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Gray v. Commissioner, 138 T.C. 295, 298 (2012). Had the *60 Court been cognizant of petitioner's pretrial request to remove the S designation, the Court would have granted the request and heard the case as a regular case. We will grant petitioner's motion to remove the S designation nunc pro tunc because (1) small tax cases are conducted at the option of the taxpayer; (2) petitioner may not have exercised his option because the Court did not act on his request to remove the S designation before trial; and (3) the Court would have granted petitioner's pretrial request and heard the case as a regular case had the Court been cognizant of the request. Thus, the Summary Opinion issued in this case will be withdrawn because of the change in the procedural status of this case, and respondent's computation for entry of decision, filed July 17,2014, with respect to that decision will be stricken from the record.
We now address whether the record should be reopened because of the change in the procedural status of this case. We note that "[a]part from the elimination of the right of appeal and precedential effect, we decide S cases very much like regular cases." Mitchell v. Commissioner, 131 T.C. 215, 225 (2008) (Holmes, J., concurring). We also note that, under Rule 174(b), the Court may consider any evidence of probative *61 value in the trial of an S case. In contrast, under Rule 143, in the trial of a regular case, the Court is bound by the Federal Rules of Evidence. Therefore, in an S case, the Court is able to consider evidence that might be excludable in a regular case. An examination of the record reflects that there were no evidentiary rulings that would have been treated differently because of the S designation or lack of S designation. Petitioner was in no way disadvantaged by the status of the case during the trial. Finally, in his motion for reconsideration petitioner states that before trial "I asked the court for appeal option and you asked the clerk of court to record as such." On the basis of petitioner's statement, it appears that petitioner proceeded through his trial believing that the Court had removed the S designation. For these reasons, we conclude that there is no need to modify or supplement the evidentiary record because of the change in the procedural status of this case.
Petitioner requested that further opinions not be placed on the Internet because their posting on the Internet could damage his credibility and name. "As a general rule, common law, statutory law, and the U.S. constitution *62 support the proposition that official records of all courts, including this Court, shall be open and available to the public for inspection and copying." Willie Nelson Music Co. v. Commissioner, 85 T.C. 914, 917 (1985); see alsosec. 7461(a). When a party requests a protective order to seal part of the record, "[p]ublic interests are weighed against those advanced by the party seeking the protective order, and, in its discretion, a court may seal the record or portions thereof where justice so requires and the party seeking such relief demonstrates good cause." Willie Nelson Music Co. v. Commissioner, 85 T.C. at 920. "[A] showing that the information would harm a party's reputation is generally not sufficient to overcome the strong common law presumption in favor of access to court records." Id. at 921. Therefore, we conclude that good cause has not been demonstrated and petitioner's motion for reconsideration will be denied in part to the extent petitioner seeks to seal the record.
Upon due consideration and for cause, it is
ORDERED that petitioner's motion for reconsideration of findings or opinion pursuant to Rule 161, filed September 10, 2014, is denied in part in that the record will not be reopened to allow petitioner to submit additional evidence. It is further
ORDERED that petitioner's motion for reconsideration of findings or opinion *63 pursuant to Rule 161, filed September 10, 2014, is granted in part in that the small tax case designation is stricken nunc pro tunc as of October 29, 2012, and the caption in this case is amended by deleting the letter "S" therefrom (so that the docket number shall now read Docket No. 8032-10). It is further
ORDERED that T.C. Summary Opinion 2013-107, filed December 23, 2013, is withdrawn. It is further
ORDERED that respondent's computation for entry of decision, filed July 17, 2014, is stricken from the record. It is further
ORDERED that petitioner's motion for reconsideration of findings or opinion pursuant to Rule 161, filed September 10, 2014, is denied in part in that the record will not be sealed.
/s/ Michael B. Thornton
Michael B. Thornton
Chief Judge
Dated: Washington, D.C.
November 24, 2014
Footnotes
1. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩